In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2387

RONALD DECOSTER,

*Plaintiff-Appellant*,

*v.*

WAUSHARA COUNTY HIGHWAY DEPARTMENT and WAUSHARA COUNTY, WISCONSIN,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 17-C-1623 — **William C. Griesbach**, *Chief Judge*.

ARGUED NOVEMBER 6, 2018 — DECIDED NOVEMBER 15, 2018

Before WOOD, *Chief Judge*, and EASTERBROOK and KANNE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. When Waushara County set out to improve a rural highway, a dispute erupted about who owned a tract of land on which Ronald DeCoster had erected a fence. The County maintained that it owned the land or at least had a transportation easement that required the fence's removal; DeCoster insisted that the land was his

and refused to take down the fence. Litigation in state court was settled for a $7,900 payment from the County to De-Coster—who then sought more than $110,000 in attorneys' fees and other expenses, relying on Wis. Stat. §32.28. The state judge awarded about $31,000, ruling that any outlay after the County offered the $7,900 was unreasonable and improvident. The court of appeals affirmed. *Waushara County v. DeCoster*, 2015 WI App 37 ¶¶18–20.

DeCoster then sued the County in federal court, seeking an award under 42 U.S.C. §§ 4651–55, part of the Uniform Relocation Assistance and Real Property Acquisition Act, which conditions federal grants for highway projects on states' providing assurance that they will compensate affected landowners for reasonable attorney, appraisal, and engineering fees. The district court ruled that the Act does not provide a private right of action, 2018 U.S. Dist. LEXIS 90440 (W.D. Wis. May 30, 2018), and DeCoster filed this appeal. We do not decide that question, because DeCoster had to present his claim in the state suit.

The effect of the state court's decision depends on Wisconsin's law. 28 U.S.C. §1738. Wisconsin employs the doctrine of claim preclusion (also known as res judicata or merger and bar) under which all legal theories, pertaining to a single transaction, that could have been presented in the initial suit, are barred if not so presented. See, e.g., *Wisconsin Public Service Corp. v. Arby Construction, Inc.*, 2012 WI 87 ¶34. In other words, a plaintiff cannot seek a recovery with one legal theory in one suit, then present a different legal theory in a second suit. The initial decision extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of con-

nected transactions, out of which the action arose." *Restatement (Second) of Judgments* §24(1) (1982). It does not matter whether we identify as the "transaction" the (arguable) taking of DeCoster's land or his expenses during the litigation. In either event, the federal suit rests on a transaction that was before the state court.

That's not all. Like Wis. Stat. §32.28, the federal Act calls for the reimbursement of "reasonable" litigation expenses. See 42 U.S.C. §4654, applied to federally financed state programs by §4655(a)(2). Wisconsin's judiciary determined that an award exceeding $31,561 would not be reasonable. The resolution of that issue is conclusive whether or not the doctrine of claim preclusion applies. See *In re Estate of Rille*, 2007 WI 36 ¶¶37–38. Whether called issue preclusion or collateral estoppel, this doctrine applies to issues actually and necessarily decided in the first suit even if the plaintiff advances new legal theories or demands new remedies. See *Restatement (Second) of Judgments* §27.

Preclusion is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), and was invoked by the County—though imperfectly. DeCoster asked the federal court to award him more money than the state judge had been willing to do. The County invoked preclusion as a defense, to the extent that DeCoster's claim rested on state law, and the district judge agreed. 2018 U.S. Dist. LEXIS 90440 at *10–12. The County's reference to preclusion, and the district court's decision, were enough to alert DeCoster to the problem in seeking state-court litigation expenses in a second suit, so we do not see any obstacle to treating all of his current theories as barred by the state court's judgment. The court that decides

the merits is the right forum to resolve requests for attorneys' fees and other expenses of litigation.

AFFIRMED